## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3265** |
| **BP EXPLORATION &** **PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **MICHAEL LEARN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3321 c/w 17-3322** |
| **BP EXPLORATION &** **PRODUCTION, INC. ET AL.** | **SECTION: "H"** **Applies to 17-3322** |

_____

| | |
|---|---|
| **KHALED OMAR ABDELFATTAH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3443** |
| **BP EXPLORATION &** **PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **CHESTER C. REED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3603** |
| **BP EXPLORATION &** **PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

1

EDWARD CHARLES COLBERT                 CIVIL ACTION

VERSUS                                 NO. 17-3647

BP EXPLORATION &                       SECTION: "H"
PRODUCTION, INC. ET AL.

_____

## ORDER AND REASONS

Before the Court are nearly identical motions submitted in the five above-captioned cases. Plaintiffs Charles Harris, Michael Learn, Khaled Abdelfattah, Chester Reed, and Edward Colbert have each filed a Motion for Reconsideration of the Order granting Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; and Halliburton Energy Services, Inc.'s ("collectively BP") Motions in Limine and Motions for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation. For the following reasons, the Motions are **DENIED.**

## BACKGROUND

These cases are among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana

---

[1] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).

[2] *Id.*

2

before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] These B3 cases were eventually reassigned to Section H.

Plaintiffs Charles Harris, Michael Learn, Khaled Abdelfattah, Chester Reed, and Edward Colbert each alleged that continuous exposure to oil and dispersants as a result of the oil spill caused a host of medical conditions. Like other B3 plaintiffs, Plaintiffs submitted expert reports from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms that they alleged in their complaints. Dr. Cook was Plaintiffs' only expert on the issue of general causation. This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Federal Rule of Evidence 702. Because expert testimony is required to establish general causation in a toxic tort case, and Plaintiffs' sole expert witness on the issue of general causation was excluded, this Court granted Defendants' motions for summary judgment and dismissed Plaintiffs' claims with prejudice.

Now before the Court are Plaintiffs' Motions for Reconsideration under Federal Rule of Civil Procedure 59(e). Plaintiffs argue that the Court's orders granting the Defendants' Motions in Limine and Motions for Summary Judgment should be reconsidered in light of the ongoing dispute in another B3

---

[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.

case regarding BP's decision not to collect dermal and biometric data from cleanup workers.[5]

## LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[6] "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[7] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Rule does not, however, provide any standard for courts to use when determining when timely motions should be granted.[8] Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law."[9] Rule 59(e) relief represents "an extraordinary remedy that should be used sparingly."[10]

---

[5] *See* Torres-Lugo v. BP Expl. & Prod. Inc., No. 20-210 (E.D. La. June 3, 2022).

[6] Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

[7] Edionwe v. Bailey, 860 F.3d 287, 294 (5th Cir. 2017) (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

[8] FED. R. CIV. P. 59.

[9] Fields v. Pool Offshore, Inc., No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

[10] *Id.*

## LEGAL ANALYSIS

Plaintiffs move this Court for reconsideration under Rule 59(e) of its orders excluding Dr. Cook's testimony and granting Defendants' motions for summary judgment. In support of their Motions, Plaintiffs note that another section of this district has sanctioned Defendants for failing to produce a proper 30(b)(6) corporate witness to testify to the issue of biological monitoring. Plaintiffs argue that "summary judgment is not appropriate where it has now been ruled that BP failed to produce a qualified corporate witness to respond to questions that go to the heart of the general causation issue."[11] They contend that they should be permitted to defend BP's Motions with a full record. Defendants respond that Plaintiffs are rehashing arguments irrelevant to this suit and that they present no arguments unique to this case.

Plaintiffs do not identify which of the four Rule 59(e) criteria they believe is satisfied here. Plaintiffs' arguments regarding the imposition of discovery sanctions in another B3 case are irrelevant to the fact that Dr. Cook's opinion is unhelpful and unreliable. This Court, as well as others in this district, determined that Dr. Cook's expert report was inadmissible, and these decisions did not depend on the dermal and biometric data that BP allegedly failed to collect.[12] "[E]ven assuming that BP had an affirmative duty to collect

---

[11] No. 17-3265, Doc. 70; No. 17-3321, Doc. 89; No. 17-3443, Doc. 73; No. 17-3603, Doc. 69; No. 17-3647, Doc. 97.

[12] Burns v. BP Expl. & Prod. Inc., No. 17-3117, 2022 WL 2952993, at *1 n.5 (E.D. La. July 25, 2022) (stating that "BP's alleged failure to monitor the oil-spill workers is irrelevant to the resolution of these motions"); Keller v. BP Expl. & Prod. Inc., No. 13-1018, 2022 WL 3664738 (E.D. La. Aug. 25, 2022) (stating that "the *Torres-Lugo* sanctions are irrelevant to defendants' motions *in limine* and for summary judgment.").

biomonitoring and dermal data from cleanup workers, this lack of information is not what renders Dr. Cook's expert report" inadmissible.[13]

Accordingly, Plaintiffs have not presented any justification for alteration or amendment pursuant to Rule 59(e). Moreover, this Court is not alone in this decision, as several other courts in this district have also denied reconsideration on the same grounds.[14]

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions for Reconsideration are **DENIED**.[15]

New Orleans, Louisiana this 10th day of November, 2022.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[13] Barkley v. BP Expl. & Prod., Inc., No. 13-995, 2022 WL 3715438 (E.D. La. Aug. 5, 2022).

[14] Naples v. BP Expl. & Prod. Inc., No. 12-2564, 2022 WL 5165046, at *1 (E.D. La. Sept. 28, 2022) (stating that "the ongoing discovery dispute in a different B3 case regarding BP's Rule 30(b)(6) witness is irrelevant to either the *Motions in Limine to Exclude Dr. Jerald Cook* or the *Motions for Summary Judgment*" in denying Plaintiff's motion for reconsideration) (Barbier, J.); McGill v. BP Expl. & Prod. Inc., No. CV 17-3392, 2022 WL 16552832, at *1 (E.D. La. Oct. 28, 2022) (Barbier, J.); Dawkins v. BP Expl. & Prod. Ind., No. 17-3533, 2022 WL 4355818 (E.D. La. Sept. 20, 2022) (stating that the "bare assertion that the pending discovery implicates "questions that go to the heart of the general causation issue" is insufficient to establish that they are entitled to the "extraordinary remedy" of reconsideration under Rule 59(e)") (Vance, J.); Milsap v. BP Expl. & Prod. Inc., No. 17-4451, 2022 WL 6743269 (E.D. La. Oct. 11, 2022) (Africk, J.); *Keller,* 2022 WL 3664738 (Africk, J.); Barksdale v. BP Expl. & Prod., Inc., No. CV 17-3034, 2022 WL 13732933, at *1 (E.D. La. Oct. 21, 2022) (Zainey, J.)

[15] No. 17-3265, Doc. 70; No. 17-3321, Doc. 89; No. 17-3443, Doc. 73; No. 17-3603, Doc. 69; No. 17-3647, Doc. 97.